1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11

JESUS TINA, et al.,

CASE NO. 08 CV 1167 JM (NLS)

12

Plaintiff,

**ORDER SUA SPONTE
DISMISSING CASE FOR LACK
OF SUBJECT MATTER
JURISDICTION**

13

vs.

14

HOME CAPITAL FUNDING, et al.,

15

Defendant.

16

17

Plaintiffs initiated this action on July 1, 2008.  They concurrently filed a verified complaint

18

and an ex parte application for a temporary restraining order ("TRO") and preliminary injunction.

19

Defendants are several mortgage lenders and financial institutions, and two individuals who

20

previously owned Plaintiffs' home.  Defendants have yet to appear in this action.  In the complaint,

21

Plaintiffs allege two state-law causes of action: (1) fraud, and (2) deceptive and unfair trade practices,

22

in violation of California Business and Professions Code § 17200.

23

Plaintiffs' claims for injunctive relief essentially seek to enjoin Defendants, one of whom may

24

hold Plaintiffs' two mortgages, from foreclosing on Plaintiffs' home.  The remainder of the claims

25

relate generally to Defendants' alleged involvement in falsely representing to Plaintiffs that a bedroom

26

in Plaintiffs' house had been constructed without proper building permits, preventing Plaintiffs from

27

renting or lease the unlawful additions to Plaintiffs' property, causing Plaintiffs' mortgage payments

28

to go into arrears, stating an incorrect amount due and owing, engaging in a willfully oppressive sale,

collecting improper closing and other fees, making incorrect tax and escrow impounds, misapplying

- 1 -

08cv1167

1  Plaintiffs' payments, and other violations occurring at the closing of the sale on September 16, 2005.

2  Federal courts are courts of limited jurisdiction. "Without jurisdiction the court cannot

3  proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the

4  only function remaining to the court is that of announcing the fact and dismissing the cause." Steel

5  Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998) (quoting Ex parte McCardle, 74 U.S.

6  (7 Wall.) 506, 514, 19 L.Ed. 264 (1868)). Accordingly, federal courts are under a continuing duty to

7  confirm their jurisdictional power and are even "obliged to inquire sua sponte whenever a doubt arises

8  as to [its] existence. . . ." Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977)

9  (citations omitted).

10  "The district courts shall have original jurisdiction of all civil actions arising under the

11  Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Longstanding Supreme Court

12  precedent provides that "the question whether a claim 'arises under' federal law must be determined

13  by reference to the 'well-pleaded complaint.'" Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478

14  U.S. 804, 808 (1986) (quoting Franchise Tax. Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 9-

15  10 (1983)). Under this rule, the existence of a federal question must appear on the face of a plaintiff's

16  well-pleaded complaint. See Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908).

17  A case "arises under" federal law within the meaning of 28 U.S.C. § 1331 when federal law either (1)

18  creates the cause of action or (2) the plaintiff's right to relief necessarily depends on resolution of a

19  substantial question of federal law. See Franchise Tax Bd. v, 463 U.S. at 27-28.

20  Applying the well-pleaded complaint rule in this case, Plaintiffs' claims neither arise under

21  federal law nor require the resolution of substantial federal issues. On the civil cover sheet, Plaintiffs

22  state that this court has jurisdiction due to the existence of a federal question. Specifically, they

23  describe their cause of action as "Fraud TILA" and state that they are filing under 15 U.S.C. § 1601,

24  et seq. – the Truth in Lending Act. Nevertheless, the complaint explicitly contains only state-law

25  causes of action. Neither the complaint nor the application for injunctive relief refers to the Truth in

26  Lending Act or to any other federal statute.[1] Although violations of federal statutes such as the Truth

27

28  [1]The court's conclusion that the claims do not arise under federal law is bolstered by the fact that, in the caption of each document filed by Plaintiffs, the words "In the Superior Court of the State of California County of San Diego" have been interlineated by hand and replaced with "United States

1    in Lending Act can form the predicate for a § 17200 claim, see Jones v. E*Trade Mortgage Corp., 397

2    F.3d 810, 813 (9th Cir. 2005), the state law claims here do "not depend necessarily upon a question

3    of federal law," Merrell Dow Pharmaceuticals, Inc., 478 U.S. at 807, because a jury could find

4    Defendants liable for fraud or violation of § 17200 based upon the misrepresentations and fraudulent

5    conduct alleged in the complaint.

6            Accordingly, the court sua sponte dismisses this action for lack of federal subject matter

7    jurisdiction.  The Clerk of Court is instructed to close the file.

8            **IT IS SO ORDERED.**

9    DATED:  July 2, 2008

10                                                    _____
                                                     Hon. Jeffrey T. Miller
11                                                   United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26    _____

27    District Court Southern District of San Diego."  Furthermore, in the application for a TRO and
      preliminary injunction, Plaintiffs state, "This application is made pursuant to California Code of Civil
28    Procedure 526."  (App. for TRO at 2 ¶ 3.)  Thus, the documents suggest that Plaintiffs originally filed
      or intended to file this action in state court, and that Plaintiffs neglected to revise their complaint to
      add a federal cause of action before filing in federal court.